**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Emmett BUFFMAN, Defendant– Appellant.**

**No. 14–2847.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 2, 2014.*

Decided Dec. 4, 2014.

---

* This successive appeal has been submitted to

the original panel under Operating Procedure

Madeleine S. Murphy, Attorney, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Emmett Buffman, Milan, MI, pro se.

Before DIANE P. WOOD, Chief Judge, JOEL M. FLAUM, Circuit Judge, FRANK H. EASTERBROOK, Circuit Judge.

### Order

Emmett Buffman filed a motion under 18 U.S.C. § 3582(c)(2), asking the district court to reduce his sentence as a result of a retroactive change to the Sentencing Guidelines. The judge denied that request, observing that Buffman has been sentenced to the statutory minimum, which is unaffected by the revised Guidelines.

Buffman's appeal does not contest that understanding. Instead he says that the district judge lacked jurisdiction to act at all, because the revised Guideline did not take effect until November 1, 2014, while the judge denied his motion in August 2014. But the Guideline is not what provides judicial authority to act (that is, jurisdiction); that depends on § 3582(c)(2). The language of the retroactive Guideline prevents a district judge from *granting* a motion until November 1 but does not foreclose a motion's earlier denial. And it is hard to see what Buffman could gain from a remand, which would just produce a new denial for the reason already given by the district judge.

AFFIRMED